**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESUS F. RODRIGUEZ,

      Petitioner - Appellant,

v.

RICK SOARES and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1242

(D.C. No. 01-Z-749)

(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      On March 29, 2002, the petitioner *pro se*, Jesus F. Rodriguez, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Rodriguez

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was convicted of cocaine offenses in Colorado state court in 1993, and he is now serving his sentence in the custody of the Colorado Department of Corrections. In his habeas petition, Mr. Rodriguez argued that he received ineffective assistance of counsel during the trial that resulted in his conviction.

In an order entered May 13, 2002, the district court denied Mr. Rodriguez's application, finding that the one-year limitation period set forth in 28 U.S.C. § 2244(d) barred the action. Mr. Rodriguez submitted a notice of appeal, and he moved the district court for a certificate of appealability (COA) and for leave to proceed *in forma pauperis* on appeal. The district court denied these motions. Mr. Rodriguez now seeks a COA from this court, so that he may appeal the district court's decision as to his habeas corpus petition, as well as leave to proceed *in forma pauperis*.

In concluding that Mr. Rodriguez's habeas petition was untimely under 28 U.S.C. § 2244(d), the district court relied on a procedural ground to dismiss the action. The United States Supreme Court has instructed that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The *Slack* court went on to note that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this case the district court's analysis demonstrated that the one-year limitation period prescribed in 28 U.S.C. § 2244(d) created "a plain procedural bar" to Mr. Rodriguez's action. The limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Colorado Supreme Court denied Mr. Rodriguez's petition for certiorari on direct appeal on October 21, 1996. As the district court pointed out, Mr. Rodriguez's conviction thus became final on January 21, 1997, when the 90-day period for seeking certiorari from the United States Supreme Court expired. Rule 13.1, Rules of the Supreme Court.

Section 2244(d)(2) provides that the one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The district court noted that on October 16, 1997, Mr. Rodriguez sought post-conviction review in state court. On October 29, 2001, the Colorado Supreme Court denied

Mr. Rodriguez's petition for certiorari as to post-conviction review, and on November 5, 2001, the Colorado Court of Appeals issued its mandate. In assessing whether Mr. Rodriguez's habeas petition was time-barred, the district court excluded the period between October 16, 1997 and October 29, 2001. Given that only seven days elapsed between the date of the Colorado Supreme Court's denial of certiorari and the date of the mandate, the district court's ultimate determination concerning the timeliness of Mr. Rodriguez's habeas petition would have been the same regardless of which date was used to mark the end of Mr. Rodriguez's post-conviction proceedings in state court.

The time that counted against the limitation period set forth in 28 U.S.C. § 2244(d)(2) consisted of (1) the time period between the date on which Mr. Rodriguez's conviction became final and the date on which he initiated post-conviction proceedings and (2) the time period between the date when Mr. Rodriguez's post-conviction proceedings ended and the date on which he filed his habeas petition in federal court. Added together, these time periods exceeded one year. The district court indicated that Mr. Rodriguez had failed to show any extraordinary circumstances that would support equitably tolling the limitation period. Although Mr. Rodriguez alleges that the district court's computations relating to the limitation period are inaccurate, he provides no reasoning in support of his assertion.

Having carefully considered Mr. Rodriguez's brief and the appellate record, we agree with the district court's conclusion that Mr. Rodriguez's petition for habeas corpus is time-barred. Therefore, for substantially the same reasons given by the district court, we DENY Mr. Rodriguez's motion for a COA, DENY his motion to proceed *in forma pauperis*, and DISMISS this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge